THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR397 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARION D. JENKINS, | ) | |
| | ) | (Resolves Doc. 38) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Marion Jenkins' motion to suppress the evidence gathered against him. Doc. 38. The motion is DENIED.

Initially, Jenkins contends that his search warrant was tainted by the inclusion of materially false information. In support, Jenkins contends that the confidential informant provided information that he viewed narcotics in the residence at issue when he assisted Jenkins in moving furniture in October of 2019. Jenkins claims that this is a materially false statement and that he can provide evidence that the furniture was moved in August of 2019. Jenkins, therefore, asserts that a *Franks* hearing is necessary to resolve his contention.

The *Franks* Court set out the standard a defendant must satisfy to warrant a hearing as follows:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.

> Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.

*Franks v. Delaware*, 438 U.S. 154, 171 (1978). This high initial burden is designed to prevent defendants from abusing the process and to ensure that frivolous claims do not result in mini-trials. *Id*. at 170.

Contrary to Jenkins' contention, the affidavit does not state that the confidential informant moved furniture or observed the narcotics in October of 2019. Instead, the affidavit notes that "during the month of October 2019 information was received" from the informant. Doc. 38-1 at 5. The affidavit goes on to note: "The C.I. stated he/she helped Marion Jenkins move furniture into 1427 W. 84th and saw narcotics being packaged into clear baggies by unknown males[.]" Doc. 38-1 at 5. The affidavit contains no timeframe for when this observation occurred. While that may limit the value of the information, which the Court will discuss below, it falls well short of showing that the affidavit contained a deliberately false statement.

Next, Jenkins contends that the warrant failed to establish probable cause to search his residence. "[P]robable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). A court must look to the "totality of the circumstances," including a confidential informant's "veracity, reliability, and basis of knowledge," in order to answer "the commonsense, practical question" of whether an affidavit is sufficient to support a finding of probable cause. *Illinois v. Gates*, 462 U.S. 213, 230 (1983) (quotation marks omitted).

Before addressing the specific arguments raised by Jenkins, the Court will review the information contained in the affidavit. The affidavit includes the following information. Detective Ryan McNamara of the Cleveland Police Department set up a controlled buy on October 17, 2019. McNamara noted that the C.I. placed a cell phone call to an individual that the C.I. identified as Jenkins and arranged to buy $150 worth of crack cocaine. McNamara searched the C.I. prior to the controlled buy and determined he had no drugs or money on his person. The C.I. was then provided with $150 of buy money with pre-recorded serial numbers. The C.I. then walked to the agreed upon address while under constant surveillance. A brief period of time later, the C.I. was observed entering a black Cadillac. A few blocks later, the C.I. exited the vehicle and signaled to officers that the buy was successful. Officers immediately stopped the Cadillac and arrested its driver, Jenkins. Jenkins was found to be in possession of the $150 of buy money, and the C.I. was found to be in possession of 3.41 grams of crack cocaine.

McNamara also averred, as noted above in the Court's *Franks* analysis, that the informant provided information that included observing narcotics activity at Jenkins' home located at 1427 W. 84th Street. The informant also described Jenkins' car as a black Cadillac XTS and provided its license plate number. McNamara confirmed that Jenkins was the titled owner of the vehicle. McNamara also noted that he and another officer conducted surveillance on 1427 W. 84th Street in October and November of 2019. During that time, they observed the black Cadillac at issue parked in front of the address at issue multiple times. Finally, McNamara noted that he performed a trash pull from the city-issued refuse cans that were on the tree lawn in front of 1427 W. 84th Street on November 7, 2019. Officers recovered packaging with residue that appeared to be cocaine, clear baggies with what appeared to be crack cocaine residue, a wet

wipe and razor blade that appeared to have cocaine residue on it, and a steel Super Herbal press box.  McNamara explained that in his experience, this press was used to press illegal drugs into small discs.  McNamara also noted that one of the plastic bags had residue that field tested positive for cocaine.

The above information was more than sufficient to establish probable cause to search 1427 W. 84th Street for illegal drugs.  In an attempt to defeat this conclusion, Jenkins attempts to remove the individual facts provided by McNamara and examine them without any additional context.  As noted above, Jenkins contends that by failing to identify the precise date that the informant observed Jenkins and narcotics at the residence, the affidavit was misleading.  However, at most, Jenkins could argue that the information provided by the informant was stale.  That is to say, if the informant observed the drugs in August of 2019, his informant could conceivable be stale as related to the November 13, 2019 execution of the warrant.  However, even this argument has no merit.  McNamara's trash pull on November 7, 2019 indicated *ongoing* drug activity at 1427 W. 84th Street.  Thus, any argument that the informant's information was stale cannot survive review.

Jenkins' remaining contentions suffer from the same flawed reasoning.  For example, Jenkins contends that the tree lawn area where the trash pull occurred served at least five residences.  Jenkins seems to suggest that the evidence found by McNamara, therefore, could have come from any of those residences.  While that may be true, there is nothing in the record to suggest that police had information that drug trafficking was occurring in any of these other residences.  Thus, it was entirely reasonable to infer that the drug-related evidence had been discarded by those located at 1427 W. 84th Street.

Next, Jenkins contends that the presence of his vehicle on the street near 1427 W. 84th Street could be explained by the fact that his mother lives in close proximity to the address that was searched. Jenkins' argument again, however, sounds more in an attempt to cast doubt on his ultimate guilt than a challenge to probable cause. In that regard, Jenkins does not dispute that his car was *in fact* parked near the searched residence. Jenkins, therefore, concedes that his vehicle was parked near 1427 W. 84th Street on numerous occasions. Moreover, while Jenkins appears to contend that officers failed to link him to the address in question, he provided a receipt that indicated that "Marion Jenkins" had furniture delivered to 1427 W. 84th Street in August of 2019. Thus, Jenkins' own arguments confirm that the informant's statement about assisting in moving furniture into the address was accurate.

A review of the totality of the circumstances demonstrates that there was more than ample evidence to support the probable cause necessary to support the issuance of the warrant. Jenkins was observed and apprehended following a controlled sale of crack cocaine. He was linked to 1427 W. 84th Street through surveillance of his vehicle and the direct statement of the informant. The informant's statement regarding drug activity at the residence was corroborated by a trash pull that revealed numerous items utilized for drug trafficking. Jenkins' challenge to the warrant, therefore, lacks merit.

Jenkins' motion to suppress is DENIED.

IT IS SO ORDERED.

May 26, 2021  */s/ Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT