UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARION D. JENKINS, | ) CASE NO.: 1:24-cv-01132 |
| | )            1:20-cr-00397 |
| Petitioner, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Respondent. | )         (Resolves Docs. 88, 89) |
| | ) |

This matter is before the Court upon Marion Jenkins' ("Jenkins") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (Doc. 88) (the "Motion").[1]

For the reasons set forth herein, the Motion is DENIED.

**I.      PROCEDURAL BACKGROUND**

A federal grand jury returned an indictment charging Jenkins with (i) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One), (ii) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two), (iii) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three) and (iv) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).

---

[1] Jenkins also filed the *Petitioner's Motion to Amend his § 2255 Application Pursuant to Fed. R. Civ. P. 15* (Doc. 89) seeking leave to amend. The *Motion to Amend* is GRANTED and the Court will address the arguments raised in Doc. 89-1 (the "Amended Motion") herein.

1

Doc. 16. Pursuant to a plea agreement (Doc. 51), Jenkins pled guilty as to Counts Two, Three, and Four; Count One was dismissed. *See* Minutes of Proceedings, docket entry dated July 27, 2022.

The Court sentenced Jenkins to 210 months' imprisonment. Doc. 60. Jenkins filed the *Notice of Appeal* (Doc. 62) regarding the Court's denial of his motion to suppress, and the Sixth Circuit affirmed the judgment. *See United States v. Jenkins*, No. 22-3687, 2023 U.S. App. LEXIS 14823 (6th Cir. June 13, 2023).

Jenkins then filed the Amended Motion, wherein he argues that he was denied effective assistance of counsel when both sentencing counsel and appellate counsel (i) did not raise arguments advocating for the Court's variation from the Sentencing Guidelines as to the crack-cocaine involved in Count Two (Amended Motion - Ground One), and (ii) did not raise arguments as to the unconstitutionality of 18 U.S.C. § 922(g) (Amended Motion - Grounds Two and Three). Doc. 89-1.

## II.  LEGAL STANDARD

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Jenkins' claims of ineffective assistance of counsel fall in the first category because he alleges that his constitutional right to the effective assistance of counsel was violated. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992)

("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v. Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). Further, a reviewing court gives deference to trial counsel and must presume that they exercised reasonable professional judgment as to what motions may have been necessary and/or advantageous. *United States v. Hinds*, 2 F. App'x. 420, 423 (6th Cir. 2001). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

III. ANALYSIS

a. The Cocaine Base to Cocaine Powder Ratio

Jenkins first argues that both trial and appellate counsel were ineffective because they incorrectly advised him that the Court did not have authority to vary from the crack-cocaine guidelines, and as a result, his sentence would have been 51 months [as to Count Two] rather than 150 months. Doc. 89-1 at p. 4.

There is a recognized disparity between the Sentencing Guidelines' treatment of crack and powder cocaine [two forms of the same drug] offenses. *See Kimbrough v. United States*, 552 U.S.

3

85, 91 (2007). As the Guidelines are advisory, district courts have the authority and discretion, but are not required, to reject and vary from crack-cocaine guidelines with respect to the crack-to-powder ratio. *United States v. Crider*, 468 F. App'x. 457, 462 (6th Cir. 2012). A district court may agree or disagree with the ratio, but if it refuses to vary based on its incorrect recognition of that discretion, this may provide grounds for resentencing. *See United States v. Thomas-Mathews*, 81 F. 4th 530, 541-43 (6th Cir. 2023).

In this case, it is clear from both the Amended Motion and a review of the record that sentencing counsel did not advocate for a variation from the crack-cocaine guidelines. Jenkins alleges this was due to counsel's incorrect belief that the Court did not have authority to vary. Doc. 89-1 at p. 4. This Court has regularly recognized that it has the authority to reject and vary from the crack-cocaine guidelines, however, it has declined to do so. Therefore, with counsel's experience practicing before this Court in mind, and affording deference to their professional judgment, the Court finds that counsel's trial strategy was sound. *See Hinds*, 2 F. App'x. at 423. Accordingly, Jenkins also has not proven that the result of his sentencing would have been different had trial counsel moved for the variance from the crack-cocaine guidelines. *See Bullard*, 937 F.3d at 661. Jenkins' claim as to trial counsel fails both prongs of the *Strickland* test.

Appellate counsel was also not ineffective when they did not raise this issue. An examination of trial counsel's performance is necessary to determine whether appellate counsel was ineffective for failing to raise the claim on appeal, and appellate counsel is not ineffective for failing to raise an issue that lacks merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). As

discussed above, trial counsel was not ineffective when they did not request the variance, therefore appellate counsel was likewise not ineffective when they did not raise the meritless issue.[2]

### b. The Constitutionality of 18 U.S.C. § 922(g)

In his second and third grounds for the Amended Motion, Jenkins argues that his conviction of felon in possession of a firearm pursuant to 18 U.S.C. § 922(g) is invalid because the section is unconstitutional, and counsel was ineffective for raising that argument. Doc. 89-1 at pp. 5–7.

In support of his arguments, Jenkins relies on the Supreme Court's holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which changed the standard for reviewing firearm regulations. There, the Supreme Court recognized that its decision did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 81. There is no controlling law to support Jenkins' facial challenge to the constitutionality of the felon-in-possession statute and the argument is misguided. *See United States v. Bluer*, No. 22-20557, 2023 U.S. Dist. LEXIS 79997, at *13 (E.D. Mich. May 8, 2023) ("[n]o court confronted with the same or similar facial challenge to the felon in possession statute . . . has found § 922(g)(1) unconstitutional and each has roundly rejected reading *Bruen* to obliterate—let alone obfuscate—the 'longstanding prohibitions on the possession of firearms by felons.'") (internal quotation marks omitted) (citations omitted); *see also United States v. Lucas*, No. 5:22-cr-561, 2024 U.S. Dist. LEXIS 35789, at *5 (N.D. Ohio Mar. 1, 2024) (collecting cases). Jenkins has not established that § 922(g) is unconstitutional or that his sentence pursuant thereto should be vacated. Therefore,

---

[2] Direct appeal is also generally not the appropriate mechanism for raising ineffective assistance of counsel claims. *United States v. Garcia-Meza*, 315 F.3d 683, 688 (6th Cir. 2003).

there is also no resulting prejudice due to counsel's failure to raise this issue. [3] *See Bullard*, 937 F.3d at 661.

IV. CONCLUSION

For the foregoing reasons, Jenkins' *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 88) is DENIED.

**IT IS SO ORDERED.**

February 11, 2025  /s/ John R. Adams
DATE  JOHN R. ADAMS
  UNITED STATES DISTRICT JUDGE

---

[3] Regardless of whether *Bruen* stands for the proposition that § 922(g)(1) is unconstitutional, the case was decided several months after Jenkins entered the plea agreement (Doc. 51). Counsel's performance is measured in light of their perspective at the time and they are not ineffective for failing to predict developments in the law. *Bullard*, 937 F. 3d at 661.

6